**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

THE MARK P. LESHER and DONNA M. LESHER
REVOCABLE TRUST,

      Plaintiff,

v.                                No. 1:20-cv-1237 JCH/KRS

PAUL DON HEDGES and KELLY ANN HEDGES,

      Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S EXPERT REPORT AND/OR FOR EXTENSION OF
DEFENDANTS' EXPERT WITNESS DEADLINE**

THIS MATTER is before the Court on Defendants' Motion to Strike Plaintiff's Expert Report and/or for Extension of Defendants' Expert Witness Deadline, (Doc. 36), filed October 4, 2021. Plaintiff filed a response on October 13, 2021. (Doc. 39). Defendants have not filed a reply and the time for doing so has passed. After conferring with the presiding judge in this case, the undersigned will rule on Motion as to whether Plaintiff's expert report complies with Rule 26 and whether Defendants' expert report deadline should be extended. Having reviewed the briefing, record of the case, and relevant law, the Court will deny the motion to strike under Rule 26 and deny the motion to extend Defendants' expert witness deadline. To the extent Defendants seek a ruling on the expert report under Fed. R. Evid. 702, Defendants may file a motion on that issue at a later date, which will be considered by the presiding judge.

Plaintiff claims that Defendants failed to disclose defective Kitec piping in a home they sold to Plaintiff in 2013. *See* (Doc. 1). On September 7, 2021, Plaintiff provided Defendants its expert report by Eddie Saiz, Jr. (Doc. 32-1). Defendants' expert deadline was October 6, 2021.

*See* (Doc. 28).  Two days before Defendants' expert disclosure deadline, Defendants filed their

Motion to Strike and/or Extend, contending that Plaintiff's expert report is insufficient under

Fed. R. Civ. P. 26(a)(2)(B).  Defendants argue the report "is nothing more than a restatement of

the generalized allegations stated in the Complaint, and there is no information about the

witness's expertise, nor about the bases of the opinions."  (Doc. 36) at 3.  Defendants state they

need to take Mr. Saiz' deposition in order to determine if they need an expert and what the scope

of their expert's opinion should be.  *Id.*  Defendants ask the Court to strike Mr. Saiz' report and

preclude him from testifying at trial, or in the alternative, to extend Defendants' expert report

deadline until they are able to take Mr. Saiz' deposition.  *Id.*

Plaintiff responds that Mr. Saiz' report meets all of the requirements of Rule 26(a)(2)(B)

as his report includes his opinions, the basis for his opinions, his qualifications as an expert, the

exhibits he used to support his opinions, and a statement of his compensation.  (Doc. 39) at 5.

Plaintiff disputes that Mr. Saiz' report is insufficient but asks the Court for leave to amend or

supplement the report rather than striking it if the Court determines the report is deficient.  *Id.* at

6.  Plaintiff further contends that Defendants have not shown good cause for an extension of their

expert report deadline.  *Id.* at 7-11.

**A.  Compliance with Rule 26(a)(2)(B)**

Rule 26(a)(2)(B) provides that expert witnesses must provide the opposing party with a

report disclosing:

> (i) a complete statement of all opinions the witness will express
> and the basis and reasons for them;
> (ii) the facts or data considered by the witness informing them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications
> authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years,
> the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and
testimony in the case.

Rule 37(c) provides for sanctions against a party that fails to make its required

disclosures under Rule 26(a).  Rule 37(c) states: "If a party fails to provide information or

identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

failure was substantially justified or is harmless."  However, Rule 37(c) permits courts to allow

expert testimony even when the expert report violates Rule 26(a) if the violation is justified or

harmless.  "The determination of whether a Rule 26(a) violation is justified or harmless is

entrusted to the broad discretion of the district court."  *Woodworker's Supply, Inc. v. Principal*

*Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  "A district court need not make explicit

findings concerning the existence of a substantial justification or the harmlessness" of a Rule

26(a) violation.  *Id.*  Nevertheless, a district court should consider the following factors: "(1) the

prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the

party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the

trial; and (4) the moving party's bad faith or willfulness."  *Id.*

Here, Defendants claim that Mr. Saiz' report is deficient because it does not identify any

of the opinions he anticipates giving at trial, does not tie any opinions to the facts of the case,

does not state the basis or reasons for his statements or opinions, and does not contain a list of

publications he authored or cases in which he testified.  (Doc. 36) at 4-6.  In his report, Mr. Saiz

describes his plumbing experience of over 17 years, including the licenses he holds, and

discloses his compensation rate.  (Doc. 32-1) at 1 (Mr. Saiz' report).  He presents his opinion

regarding the use of Kitec plumbing and its disfavor in the plumbing industry due to its failures

and leaks.  *Id.* at 2-3.  Specifically, Mr. Saiz offers his opinion that by the year 2013, when

Defendants sold the house to Plaintiff, plumbers were replacing Kitec, and that Kitec "is always prone to bursts and leaks." *Id.* He states his opinions are "based on currently known facts and industry standards as well as any UPC codes," that he reviewed a report dated August 3, 2021 which states that Kitec plumbing exists in the Plaintiff's home and supplies all the water throughout the home, and that he reviewed an estimate indicating corrosion in the home's pipes and recommending replacement of the piping. *Id.* at 1 (attaching exhibits at 4-7).

The Court finds that Mr. Saiz' report complies with Rule 26(a)(2)(B) in that it includes a statement of his opinions, the basis and reasons for them, the information he considered that informed his opinions, exhibits used to summarize or support the opinions, his qualifications, and his compensation. While he did not include a list of all publications authored in the previous 10 years or a list of cases in which he testified as an expert during the previous 4 years, Plaintiff explains that Mr. Saiz is not published and has not previously served as an expert. (Doc. 29) at 5 (further stating that Plaintiff provided Defendants with Mr. Saiz' Curriculum Vitae). The Tenth Circuit has explained that the purpose of Rule 26(a)(2)(B)'s requirements is "to allow the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Henderson v. Amtrak*, 412 Fed. Appx. 74, 80-81 (10th Cir. 2011) (unpublished); *see also Heller v. Dist. Of Columbia*, 801 F.3d 264, 270 (D.C. Cir. 2015) (stating an adequate Rule 26(a)(2) report should "avoid unfair surprise to the opposing party"). Indeed, courts have consistently found that a report is insufficient under Rule 26(a)(2) when it contains an incomplete analysis or an unformed opinion. *See, e.g., Henderson*, 412 Fed. Appx. at 80 (striking report because, *inter alia*, the witness had not yet completed his analysis); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (striking report where witnesses were "in the process of reviewing the remaining materials" and still conducting

analysis and research).  Mr. Saiz' report does not contain an incomplete analysis or unformed

opinions, and it otherwise meets Rule 26(a)(2)(B)'s requirements.  Even though the report did

not state that Mr. Saiz has no publications or prior testimony, the Court finds that failure to be

harmless and nonprejudicial to Defendants.  Therefore, the Court will deny Defendants' motion

to strike Mr. Saiz' report under Rule 26(a)(2)(B).[1]

### B.  Extension of Defendants' Expert Report Deadline

Having found that Mr. Saiz' report complies with Rule 26, the Court next considers

Defendants' request to extend their deadline to provide expert reports.  Under Rule 16(b)(4), the

Court may modify a scheduling order "only for good cause."  Where a party is diligent in its

discovery efforts and nevertheless cannot comply with the scheduling order, courts have found

good cause to modify the scheduling order if the requesting party timely brings forward its

request.  *See Street v. Curry Bd. of Cnty. Comm'rs*, 2008 WL 2397671, at *6 (D.N.M.)

(unpublished) ("Properly construed, 'good cause' means that scheduling deadlines cannot be met

despite a party's diligent efforts."); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D.

295, 301 (D.Kan. 1996) ("The party seeking an extension must show that despite due diligence it

could not have reasonably met the scheduled deadlines.  Carelessness is not compatible with a

finding of diligence and offers no reason for a grant of relief.") (citation omitted); Advisory

Committee Notes to Rule 16 ("[T]he court may modify the schedule on a showing of good cause

if it cannot reasonably be met despite the diligence of the party seeking the extension.  Because

---

[1] Defendants briefly mention Fed. R. Evid. 702 in their Motion and that Mr. Saiz may not be qualified to testify as an expert.  *See* (Doc. 36) at 5.  Defendants fail to sufficiently brief this issue, and instead base their Motion on Rule 26(a)(2)(B)'s requirements.  Accordingly, the Court does not consider whether Mr. Saiz is qualified under Rule 702.  Defendants may file a separate motion under Rule 702 which the presiding judge will consider.

the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test.").

      Defendants state they were unable to meet their expert deadline due to Mr. Saiz' deficient report because "they do not know what opinions their expert may need to address," and they are not able to determine whether to obtain an expert. (Doc. 36) at 1-2. They state they tried to set Mr. Saiz' deposition before their October 6, 2021 expert deadline, but "Plaintiff steadfastly refuses to allow Mr. Saiz's deposition." *Id.* at 7. The emails attached to Defendants' Motion contradict this statement. The first email in which Defendants ask to take Mr. Saiz' deposition is dated September 20, 2021—two weeks after his report was disclosed—and Defendants make no mention of needing to take the deposition prior to their October 6, 2021 deadline. (Doc. 36-1) at 4. Instead, it was not until September 28, 2021 that Defendants express their request to take Mr. Saiz' deposition before October 6. *Id.* at 4. Moreover, Plaintiff does not refuse to allow Mr. Saiz to be deposed; Plaintiff provides dates for his deposition on October 20 or 21, 2021. *See* (Doc. 36-2) at 1. Plaintiff also does not oppose an extension of Defendants' expert deadline; instead, Plaintiff's counsel sates they "would be amenable to a reasonable extension for the expert report that would still allow us sufficient time to hold the settlement conference on November 10th." *Id.* at 1. The only request Plaintiff opposed was to extend Defendants' expert report deadline until after Plaintiff's expert was deposed because that would not give Plaintiff enough time to review Defendants' expert report before the November 10, 2021 settlement conference. *Id.*

      The Court finds that Defendants were not diligent in meeting their expert deadline. To the contrary, Defendants waited for two weeks to ask for Plaintiff's expert's deposition and waited an additional week before requesting the deposition be held prior to their expert deadline.

Defendants then waited until just two days before their expert deadline to file this Motion. Defendants were well aware that Plaintiff required their expert report prior to the settlement conference, as that had been discussed at multiple hearings with the Court and resulted in several extensions of the parties' expert deadlines.  *See* (Doc. 22) (Clerk's Minutes from July 20, 2021 status conference where parties request extension of settlement conference due to need for expert reports); (Doc. 27) (parties' Joint Motion to Extend Expert Reports Deadlines and Reset Settlement Conference, stating: "The parties both require their expert reports prior to attending a settlement conference.").  Indeed, due to this late-filed motion and Defendant's unsuccessful argument that Plaintiff's expert report does not comply with Rule 26, the parties were unable to proceed with the November 10, 2021 settlement conference.  Moreover, Defendant has not shown diligence in pursuing this Motion.  The docket shows that the parties set Mr. Saiz' deposition for October 20, 2021, (Doc. 42), but Defendants have not notified the Court as to whether that deposition resolved the issues presented in their Motion.  Defendants did not even file a reply to their Motion setting forth the current status of this dispute.  Therefore, based on Defendants' lack of diligent efforts to meet their expert deadline, and failure to timely file this Motion, the Court finds that Defendants have not provided good cause for extending their expert deadline.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Plaintiff's Expert Report and/or for Extension of Defendants' Expert Witness Deadline, (Doc. 36), is DENIED.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE