UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE MARK P. LESHER and DONNA M. LESHER
   REVOCABLE TRUST DATED
   FEBRUARY 10, 2004, AS AMENDED AND
   RESTATED ON DECEMBER 30, 2015,

   Plaintiff,

vs.                                             Case No. 1:20-cv-01237-JCH-KRS

PAUL DON HEDGES and
KELLY ANN HEDGES,

   Defendants.

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS [DOC. 81]

Defendants Paul Hedges and Kelly Hedges ("Defendants"), by and through their counsel of record, Wilson Law Firm, P.C. (Alan R. Wilson) hereby respond and object to Plaintiff's "Objections to Defendants' Exhibits" [Doc. 81] as follows:

Plaintiff filed objections to Defendants' trial exhibits on January 3, 2023 [Doc. 81]. Plaintiff's objections are not timely. Plaintiff's objections conflict with its joint filing with Defendants of a Consolidated Exhibit List on October 24, 2022 [Doc. 66], as required by the Pretrial Order entered herein [Doc. 62]. The Pretrial Order requires the parties to "confer over all trial exhibits" other than rebuttal exhibits. [*Id*. page 10.] The Pretrial Order further requires the parties to file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible." *Id*.

1

The parties conferred about trial exhibits in anticipation of the November 14, 2022, trial date. *See* **Exhibit A** hereto. A consolidated exhibit list was filed thereafter stipulating to many of Plaintiff's exhibits and all of Defendants' exhibits. [Doc. 66.] The Consolidated Exhibit List did not specifically state that the exhibits listed were stipulated to as admissible, however, Plaintiff's counsel's communications with Defendants' counsel makes it clear that Plaintiff did not object to any of Defendants' trial exhibits. *See* **Exhibit A**. Further, Plaintiff filed a Contested Exhibit List on October 24, 2022. [Doc. 67.] This list included just three exhibits, which are the same exhibits to which Defendants had noted their objections see Exhibit A, and Defendants did not file a Contested Exhibit List as none was necessary.

From October 24, 2022, until January 3, 2023, Plaintiff has not objected to or otherwise brought any concerns to Defendants' attention about any exhibits on the Consolidated, stipulated-to, exhibit list. Doc. 66 does not identify any objections to any of Defendants' exhibits. Nonetheless, Plaintiff has now objected to each of Defendants' exhibits [Doc. 81] for lack of foundation, lack of authentication and relevance, other than Exhibit A which is not objected to on relevance grounds.[1] Plaintiff's objections should not be sustained. Each of Defendants' exhibits are photos of sections of pipe material from the residence or photos of pipes installed at the residence. They were taken at the agreed-to inspection of the residence on November 2, 2021. There is no doubt but that they are what they purport to be, have an adequate foundation and are relevant to the subject-matter of this case.

The deadline for trial exhibits was set by the Pretrial Order as 15 working days before trial. [Doc. 62 page 10.] Thus, the deadline was October 24, 2022. The parties timely filed their consolidated exhibit list. Thereafter, the Court reset the trial date to November 17, 2022. The Court

---

[1] Plaintiff also objects to Exhibit J as a new exhibit. The fact is, there is no Exhibit J. What had previously been identified as such is actually a duplicate of Exhibit H.

2

did not reset any deadlines that had already passed. Thus, Plaintiff's current January 3, 2023, objections are more than a month after the Court's deadline and they are untimely.

Further, even if the Court did revive deadlines that had already expired, it did not grant either party the right to revoke its prior stipulations. It certainly did not give Plaintiff permission to revoke its stipulations as to the trial exhibits on the Consolidated Exhibit List. Moreover, even if Plaintiff could revoke these stipulations, it has provided no grounds whatsoever for doing so. As shown above, its objections are not supportable. Nonetheless, Plaintiff has chosen to ignore its prior stipulations and essentially begin anew, as if it never stipulated to anything concerning exhibits. Plaintiff should not be allowed to do this. It would be unfair to Defendants who have relied upon Plaintiff's stipulations in their trial preparation. It would upset the orderly preparation for the imminent trial date of June 20, 2023.

THEREFORE, Defendants respectfully request that the Court disregard Plaintiff's objections to Defendants' trial exhibits and effectuate the parties' stipulations as to the admissibility of all trial exhibits itemized on the Consolidated Exhibit List.

Respectfully submitted,

WILSON LAW FIRM P.C.

By: /s/ *Alan R. Wilson*
      Alan R. Wilson
      *Attorney for Defendants*
      8205 Spain Road NE, Suite 203
      Albuquerque, New Mexico 87109
      T: (505) 828-4804
      E: awilson@alanwilsonlaw.us

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true copy of *Defendants' Response to Plaintiff's Objections to Defendants' Exhibits* was filed electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means on this 19th day of May 2023.

                                                   /s/ *Alan R. Wilson*
                                                   Alan R. Wilson

**From:** Misty Fitzwater <misty@businesslawsw.com>
**Sent:** Monday, October 24, 2022 3:51 PM
**To:** Gina Cordova <gcordova@alanwilsonlaw.us>; Alan Wilson <awilson@alanwilsonlaw.us>
**Cc:** Kelly Davis <kdavis@businesslawsw.com>; BLSW Paralegals <paralegals@businesslawsw.com>
**Subject:** RE: Lesher vs. Hedges - Exhibit 9

Good Afternoon,

At this point, Ms. Davis does not have any objections to Defendants' exhibits and would like to know if Counsel would consider preparing the consolidated exhibit list to the Court.

MISTY FITZWATER
PARALEGAL
LITIGATION DEPARTMENT



320 GOLD AVE. SW, SUITE 610
ALBUQUERQUE, NEW MEXICO 87102-3299
505-848-8581 (OFFICE) 505-585-3772 (DIRECT) 505-848-8593 (FAX)
MISTY@BUSINESSLAWSW.COM (E-MAIL)
WWW.BUSINESSLAWSW.COM (WEB)



BUSINESS LAW SOUTHWEST, LLC IS A MEMBER OF LAWPACT®,
AN INTERNATIONAL ASSOCIATION OF INDEPENDENT BUSINESS LAW FIRMS.
www.LawPact.org

THE INFORMATION CONTAINED IN THIS TRANSMISSION MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION. IT IS INTENDED ONLY FOR THE USE OF THE PERSON(S) NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR DUPLICATION OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.

EXHIBIT A