## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THE MARK P. LESHER and DONNA M. LESHER
REVOCABLE TRUST,

       Plaintiff,

v.                                     No. 1:20-cv-1237 JCH/KRS

PAUL DON HEDGES and KELLY ANN HEDGES,

       Defendants.

## ORDER GRANTING MOTION TO VACATE DEPOSITION AND QUASH SUBPOENA

THIS MATTER is before the Court on Plaintiff's Motion to Vacate Deposition Duces Tecum of Non-Party Michael Shaw and to Quash Subpoena, (Doc. 92), filed May 18, 2023. Plaintiff asks the Court to vacate the deposition of Mr. Shaw scheduled for May 22, 2023 and quash the subpoena related to the same. The Court entered an Order for Expedited Briefing, setting a deadline for Defendants to file a response by 5:00 p.m. on May 18, 2023, and for Plaintiff to file a reply by 9:00 a.m. on May 19, 2023. (Doc. 93). Defendants did not file a response to the Motion, and Plaintiff filed a Notice of Completion of Briefing. (Doc. 94). Defendants' failure to file a response constitutes consent to grant the Motion. *See* D.N.M. LR-Civ. 7.1(b). Having considered the Motion, record of the case, and relevant law, the Court grants the Motion to Vacate Deposition and Quash Subpoena.

On May 15, 2023, Defendants filed a Notice to Take Deposition Duces Tecum of Non-Party Michael Shaw May 22, 2023 at 9:30 a.m. (Doc. 91). Plaintiff states the subpoena for the deposition was served on Plaintiff's counsel on May 16, 2023. (Doc. 92) at 2; (Doc. 92-1). Plaintiff further states the subpoena has not been served on Mr. Shaw. (Doc. 92) at 2. Plaintiff asks the Court to vacate the deposition and quash the subpoena because it was not served at least

fourteen calendar days before the deposition, in violation of Local Rule 30.1.  *Id.* at 3-4.  The

subpoena was also not served on the named person, which is required by Federal Rule of Civil

Procedure 45(b)(1).  In addition, Plaintiff contends the subpoena is facially invalid because it

does not state the method for recording the testimony and fails to set out the text of Rule 45(d)

and (e), which violates Rule 45(a)(1)(B) and (a)(1)(A)(iv).  *Id.* at 4-5.  Also, the subpoena fails to

command the production of documents and, instead, the Notice to Take Deposition Duces

Tecum directs Mr. Shaw to bring documents.  *Id.* at 5.  Plaintiff contends it has standing to move

to quash the subpoena because Plaintiff has a right or privilege and personal interest in the

subject matter of the subpoena.  *Id.* at 6.  Plaintiff also asks the Court to award it reasonable costs

and attorney's fees incurred in bringing the Motion.  *Id.* at 7.

First, the Court considers whether Plaintiff has standing to move to quash the Notice of

Deposition directed at Mr. Shaw.  While "[a] party generally lacks standing to quash a subpoena

issued to a nonparty," a party may make a motion to quash or modify a subpoena if the party

"has a personal right or privilege with respect to the subject matter requested in the subpoena."

*Todd v. RWI Acquisition LLC*, 2012 WL 13013069, at *2 (D.N.M.) (citing *Transcor, Inc. v.

Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003)).  Here, Plaintiff asserts it has a

personal right or privilege in the requested material because the Notice of Deposition directs Mr.

Shaw to produce documents containing information regarding Plaintiff's beneficiaries' personal

residence, payment information, and records of communications with Plaintiff's beneficiaries.

(Doc. 92) at 6; Doc. 91.  Therefore, the Court finds that Plaintiff has standing to move to quash

the deposition notice.  *See Darwish v. Family Dollar Stores, Inc.*, 2010 WL 2086107, at *2 (D.

Colo.) (unpublished) (finding that a non-subpoenaed non-party made the requisite showing to

demonstrate that he had standing to move to quash a subpoena served on a third party because "the subpoenaed records contained confidential information belonging to [him]").

Next, the Court finds that Defendants' Subpoena and Notice of Deposition violates Local Rule 30.1, which requires that service of a notice of deposition "must be made at least fourteen (14) days before the scheduled deposition."  D.N.M. LR-Civ. 30.1; *see also* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party."); Fed. R. Civ. P. 45(d)(3)(A) (courts must quash a subpoena that fails to allow a reasonable time to comply).  For this reason, the Court grants Plaintiff's Motion to Vacate Deposition and Quash Subpoena and does not reach the other alleged deficiencies with the deposition notice and subpoena.  The Court directs counsel for Defendants to ensure compliance with all relevant Federal and local rules for any future subpoenas and notices of deposition.

Finally, the Court addresses Plaintiff's request that the Court award it reasonable fees and costs associated with bringing this Motion.  (Doc. 92) at 7; *see* Fed. R. Civ. P. 37 (a)(5) ("If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); Fed. R. Civ. P. 26(c)(3) (applying an award of expenses under Rule 37(a)(5) to protective orders).  Rule 37 allows for an award of fees after "an opportunity to be heard."  Fed. R. Civ. P. 37(a)(5)(A).  For an "opportunity to be heard," "[a]n actual hearing is not necessary . . . , and the Court may consider the issue of expenses on 'written submissions.'"  *Cardenas v. Dorel Juvenile*

*Grp., Inc.*, 231 F.R.D. 616. 622 (D. Kan. 2005).  "The 'written submission' requirement is met where the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response."  *Id.*; *see also N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 2017 WL 4271330, at *2 n.1 (D.N.M.) (explaining the opportunity to be heard "requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter") (citation omitted).  The request for fees and costs was raised in Plaintiff's Motion and Defendants had an opportunity to respond to the Motion.  Therefore, the Court grants the request as unopposed and because the Court finds no reason to deny the request for fees and costs.  *See* Fed. R. Civ. P. 37(a)(5)(A).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate Deposition Duces Tecum of Non-Party Michael Shaw and to Quash Subpoena, (Doc. 92), is GRANTED, the deposition noticed for May 22, 20223 is VACATED, and the subpoena directed at Mr. Shaw is QUASHED.

IT IS FURTHER ORDERED that Plaintiff is awarded reasonable attorney's fees and costs incurred in connection with bringing the Motion to Vacate Deposition.  **Within fourteen (14) days of the entry of this Order**, Plaintiff shall file an affidavit outlining and itemizing its fees and costs.  Defendants will have fourteen (14) days after Plaintiff's filing of the affidavit to file objections to the requested fees and costs.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE